DOMENGEAUX, Judge.
This tort suit was instituted by plaintiff, Tracy Scott, Jr., against defendant, Bolán Ford, Inc., for damages arising out of a one-vehicle accident which occurred on March 21, 1980, just north of Campti, in Natchitoches Parish, Louisiana.
Prior to the date of the accident plaintiff had purchased an automobile from defendant, who operates his car dealership in *1346 Coushatta, Louisiana. Thereafter, on the date of the accident, plaintiff brought his automobile back to defendant for servicing and repairs, whereupon, defendant loaned plaintiff a 1975 Ford pickup truck. Plaintiff contends that while he was driving the loaned vehicle, the steering wheel suddenly and without warning began to “free-wheel” (i.e., spin freely without any control on the front tires) causing the truck to run off the highway through a ditch, and eventually run into a pine tree on the side of the road. Conversely, defendant contends that the sole cause of the accident resulted from plaintiff’s own negligence in driving while intoxicated. In response to defendant’s intoxication allegations, plaintiff claims that he was not intoxicated when the accident occurred, but rather he consumed one-half pint of whiskey given to him by his wife after the accident while in transit to the hospital in an ambulance. Trial was held in this matter on June 23rd and 24th, 1981. Two witnesses did not appear, and the trial was held open for their testimony through deposition. The district court rendered a written opinion on November 16, 1981, and on December 8, 1981, judgment was signed dismissing plaintiff’s demands at his cost. We affirm.
The issues posed by this appeal are primarily factual:
(1) Whether or not the pickup truck which plaintiff was driving was defective;
(2) Whether or not the trial court erred in finding that plaintiff’s wife had no opportunity, and did not administer whiskey to her husband during the ambulance ride from the scene of the accident to Shreveport; and
(3) Did the trial court err in deciding the case before it was submitted.
The district Judge in a written opinion addressed the issue of the parties’ negligence as follows:
“The trial of this case lasted two days and involved numerous witnesses, including three persons submitted as experts; namely Andy Anderson; Raymond Cooper, Criminologist at the Northwest Louisiana Crime Laboratory, and Ray Heard, Supervisor of the Crime Lab. Without having to review all of the testimony, the Court finds the plaintiff started drinking beer shortly after 7:00 A.M. on the date in question; that he continued drinking beer at a beer joint known as Smitty’s in Coushatta and at a place called Shavers in Campti, and the Court finds that the plaintiff was voluntarily intoxicated and that the sole and proximate cause of the accident was the negligence of the plaintiff in failing to maintain control of the defendant’s pickup truck; in driving a vehicle in an intoxicated condition, and the Court finds the defendant to be entirely free of negligence, and specifically holds that there was nothing wrong mechanically with the steering mechanism or any other part of the pickup truck loaned by defendant to the plaintiff.”
At trial defendant introduced evidence relative to the truck’s condition via the testimony of Roy Nolan, an automobile mechanic for over thirty years, Rodney Dowden, defendant’s service manager, and Herman Long, defendant’s parts manager. In essence these gentlemen testified that their post accident inspections of the truck showed no signs of a defect that would cause the steering wheel to spin freely. According to these witnesses, the only event which could cause such a condition would be the disconnection of the tire rods or pittman arm, however, all agreed that both were still intact upon their inspections. Plaintiff, on the other hand, failed to produce any evidence tending to establish a defect. Those who testified on his behalf merely described the post accident damage, and no one suggested that any of the damage necessarily predated the accident and caused it to happen. Consequently, we find no manifest error in the trial court’s conclusions that there was no defect.
Additionally the record reflects that the district judge found that plaintiff’s version *1347 of the mode of his intoxication to be without credence.[1] Plaintiff claims that upon hearing of the accident his wife went to the scene of the accident as he was being placed in an ambulance. Mrs. Scott testified that this was a Friday afternoon and she always had a half pint of Old Charter bourbon whiskey in her purse on Friday afternoons. Mrs. Scott described her husband’s condition on the ride to the hospital, and stated that in her opinion (based on previous medical training several years back as a nurse’s aide at Huckaby’s Hospital) her husband was dying; that his skin was beginning to turn blue; that he had stopped breathing; and that he was in extreme pain. Mrs. Scott testified that in order to alleviate her husband’s suffering, she poured all but about one inch of the whiskey, which she had in her purse, into her husband. She stated that although two Natchitoches Parish employees were in the ambulance, no one saw her give the whiskey to her husband. Mr. Scott corroborated his wife’s testimony. The two ambulance attendants, however, testified that plaintiff was not left unattended, and that there was no way Mrs. Scott could have poured the whiskey into her husband without their seeing it. They both testified that they saw no bourbon administered to plaintiff by his wife.
In specifically addressing Mr. and Mrs. Scott’s version of the aforesaid events, the district judge concluded:
“The Court further finds the testimony of Mr. and Mrs. Scott concerning the imbibing of whiskey in the ambulance to be ludicrous, ridiculous, unbelievable, unreliable and, perhaps, the most classic case of mythomania which this Court has heard during nine years of hearing cases on the bench. There are numerous and serious discrepancies in the testimony, in the depositions and at the trial.”
We think the trial judge correctly evaluated the credibility of Mr. and Mrs. Scott, and disregarded their version of the events which took place that day accordingly. In so finding, we also agree that it was plaintiff’s intoxication, rather than any other cause, which proximately resulted in the accident in question.
Finally plaintiff contends that the district judge erred in deciding the case before it had been completed, and prior to its having been submitted. More particularly, plaintiff complains that the case was decided before the trial judge had an opportunity to review the depositions of Ken Taylor, one of the ambulance drivers, and State Trooper Kitchen. We find this contention to be without merit.
The trial court rendered a written opinion on November 16, 1981, and on December 8, 1981, the judgment was signed. Ken Taylor’s deposition was filed in the record on the same date that the trial judge dated his opinion, and Trooper Kitchen’s deposition was filed two days later, on November 18, 1981. It is obvious that the court considered Mr. Taylor’s testimony inasmuch as it is specifically referred to in the trial judge’s opinion. Although the court below does not specifically refer to the Trooper’s testimony, it was filed some three weeks before the final judgment was signed. There is no indication that this testimony was not considered before the signing of the judgment. Furthermore, we have reviewed the Trooper’s testimony on appeal, and find nothing in it supportive of plaintiff’s case. If it was overlooked by the trial court, we find such error, if any, was harmless.
For the above and foregoing reasons the judgment of the district court is affirmed at plaintiff’s costs.
AFFIRMED.

. A blood sample was taken from plaintiff at the Shreveport Hospital which later measured a blood alcohol content of .17%. Furthermore, Doctor Moller, who treated plaintiff at the hospital in Shreveport on the date of the accident stated that upon plaintiff’s arrival at the hospital plaintiff was intoxicated, reeked of alcohol, and was quite boisterous.